IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMED AMON, | : | |
| | : | |
| PETITIONER, | : | |
| | : | |
| v. | : | Civil Action No. 05-1493 |
| | : | |
| GEORGE W. BUSH, | : | **MOTION FOR EXPEDITED** |
| | : | **ENTRY OF PROTECTIVE ORDER** |
| PRESIDENT OF THE UNITED | : | |
| STATES, ET AL., | : | |

    Petitioner Mohammed Amon, through appointed undersigned counsel, hereby respectfully moves the Court to grant expedited entry of the Amended Protective Order (Ex. A), Protected Information Order (Ex. B), and Supplemental Filing Procedures (Ex. C) (together, the "Protective Order"), which is required for Mr. Amon to gain access to undersigned counsel.[1]  The Protective Order was previously entered by Judge Joyce Hens Green in <u>Ab-dah v. Bush</u>, 04-CV-1254 (HHK), and other coordinated Guantánamo detainee cases.

    Counsel for Respondents have refused to consent to the Court's entry of the Protective Order in this case.  (A. Warden E-mail, Ex. D.)  Because the Government will not allow privileged communications between counsel and Petitioner, and will not allow counsel to visit Petitioner at the Guantánamo Naval Base until the Protective Order is entered, Petitioner respectfully requests that this motion be granted.  Acting on what now appears to have been a mistaken understanding that the Protective Order had already been entered in this case, undersigned counsel proceeded to file the required Memoranda of Understanding and

---

[1] This Motion is made without prejudice to Petitioner's right to challenge or seek modification of any particular terms of the Protective Order in the future.

Acknowledgments on December 1, 2005, in order to go forward with a client visit with Mr. Amon. (Ex. E.) The Memoranda of Understanding and Acknowledgments were filed on December 1, 2005, and, although the government received notice of the filing, no assertion regarding their sufficiency was put forward. Undersigned counsel believed that the Court's Order filed on November 2, 2005, in which it referred "all Motions pertaining to interpretation or construction of any protective order which has been entered in any of the above-cited cases" to Magistrate Judge Alan Kay pursuant to LcvR 72.2(a), incorporated and applied the Protective Order in this case. (Docket, Ex. F.) This Order referring interpretation of protective orders to Judge Kay was, admittedly, confusing to undersigned counsel as it suggested that a protective order had already been entered.

Undersigned counsel then made arrangements with the Department of Justice to conduct a client visit with Mr. Amon at Guantánamo Bay, which is currently scheduled for the week of April 10-14, 2006. But for the Protective Order, undersigned counsel have completed all required court filings needed before meeting with Mr. Amon. Only yesterday, March 20, 2006, did the government assert that the previous filing of the Memoranda of Understanding and Acknowledgments was inadequate.

Last Friday, March 17, 2006, Judge Emmet G. Sullivan granted a similar Motion for Expedited Entry of Protective Order in Razakah, et al., v. Bush, et al., Civil. No. 05-2379 (EGS), and just today, March 21, 2006, granted a similar Motion for Expedited Entry of Protective Order in Ahmed v. Bush et al., Civil No. 05-1234 (EGS), (Ahmed Docket, Ex. G), in which undersigned counsel have been appointed to retain Mr. Ahmed. For similar reasons mentioned in Razakah's and Ahmed's motions, Mr. Amon respectfully requests that this motion be granted because it is

imperative that he gain access to counsel so that he can meaningfully avail himself of the jurisdiction extended to this Court by Rasul v. Bush, 542 U.S. 466, 485 (2004).[2] As in Razakah and Ahmed, the only effect of entering the Protective Order at this time is to facilitate counsel's efficient and timely access to their clients.  Mr. Amon is raising nothing before the Court regarding any substantive issues affecting the merits of this litigation.  Indeed, there is no prejudice that Respondents may suffer as a result of entry of the Protective Order while the substantive issues they have raised are currently pending, nor have they identified any in the significant length of time that has passed in which client access in other cases in which the Protective Order has already been entered continues without interruption.  Furthermore, the fact that undersigned counsel have completed all requirements for client access but for the formal entry of the very Protective Order referenced in the November 2, 2005 Order entered by this Court, and have arranged to visit Mr. Amon in Guantánamo Bay the week of April 10-14, (and will travel to Guantánamo Bay in any event to meet with Mr. Ahmed, as mentioned above, and one other client because the nearly identical set of circumstances, albeit with a June 2005 Order that happens to enter the Protective Order, are regarded by the government as satisfactory in that case) militates in favor of granting this motion.

---

[2] Undersigned counsel are aware that the Court on January 11, 2006, entered an Order denying all pending motions until such time as the District of Columbia Circuit resolves the question of this Court's jurisdiction to adjudicate these cases, and staying the action pending the jurisdictional ruling of the District of Columbia Circuit.  It is with great reluctance that this motion is being brought to the Court's attention, but undersigned counsel feel that no other alternative is available at this time.  In addition, for the reasons stated above, counsel respectfully submit that access to Mr. Amon does not implicate this Court's jurisdiction in any way, nor would it undermine the resolution of the issues currently pending.

**Conclusion**

Wherefore, for the above-stated reasons, Petitioner respectfully requests that the Court grant the aforementioned requested relief.

Dated:   Newark, New Jersey
         March 21, 2006

                              Respectfully submitted,

                              /s/Richard J. Coughlin
                              Richard J. Coughlin
                              Federal Public Defender
                              Chester M. Keller
                              First Assistant Federal Public Defender
                              Candace M. Hom
                              Research & Writing Attorney
                              Office of the Federal Public Defender
                                    for the District of New Jersey
                              972 Broad Street, Fourth Floor
                              Newark, New Jersey 07102
                              (973) 645-6347
                              *Counsel for Petitioner*