IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMED AMON, | : | |
| | : | |
| PETITIONER, | : | |
| | : | |
| v. | : | Civil Action No. 05-1493 |
| | : | |
| GEORGE W. BUSH, | : | |
| | : | |
| PRESIDENT OF THE UNITED STATES, ET AL., | : : | |

## MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR ENTRY OF THE PROTECTIVE ORDER

Petitioner Mohammed Amon, through appointed undersigned counsel, hereby respectfully submits a renewed motion to the Court for entry of the Amended Protective Order, Protected Information Order, and Supplemental Filing Procedures (together, the "Protective Order"), which is required for Mr. Amon to gain access to undersigned counsel. The Protective Order was previously entered by Judge Joyce Hens Green in <u>Ab-dah v. Bush</u>, 04-CV-1254 (HHK), and other coordinated Guantánamo detainee cases. Mr. Amon previously moved for expedited entry of the protective order on March 21, 2006, prior to counsel's impending visit to Guantánamo Bay, Cuba, but subsequent to this Court's stay of the action on January 11, 2006. Because undersigned counsel are anticipating a second client visit to Guantánamo in July, and attorney-client access and communication are essential for counsel's representation of Mr. Amon, as supported by the post-DTA entries of the Protective Order in a number of other cases, he respectfully requests that the stay be lifted in order to enter the Protective Order in this case.

While the Court has stayed all pending motions until the United States Court of Appeals for the District of Columbia Circuit resolves the question of this Court's jurisdiction to adjudicate these habeas cases, it is respectfully submitted that the jurisdictional question presented in the D.C. Circuit regarding the Detainee Treatment Act of 2005 (the "DTA") does not preclude attorney-client access, nor does it prevent petitioners from retaining and consulting with a lawyer in order to file a proceeding in the Court of Appeals.  See Adem v. Bush, No. 05-cv-723 (D.D.C. Mar. 21, 2006) (RWR) (AK) ("[T]he need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court."); Al Salami v. Bush, No. 05-2452, at *1 (D.D.C. April 13, 2006) (Order) (the "[d]etainees' right to meet with counsel under the Protective Order is independent of the (still-unresolved) question of the Court's jurisdiction to rule on their habeas petitions") (citing Adem v. Bush, Civil No. 05-0273, Memorandum Opinion (D.D.C. Mar. 14, 2006)); Said v. Bush, No. 05-2384 (D.D.C. May 23, 2006) (Memorandum Order) (RWR) (AK).

In Said, the District Court considered petitioners' emergency motion for an order directing respondents to comply with the Protective Order, in a case in which the habeas petitions were initiated by "next friends."  The District Court, in response to respondents' argument that the DTA divests it of jurisdiction to decide the instant motion, stated, "Allowing Petitioners to meet with their lawyers, however, is not the type of interim relief that even remotely risks infringing on the Court of Appeals' possible exclusive jurisdiction."  Said, No. 05-2384, Order, at 10.  In granting petitioners' emergency motion for compliance, the District Court's analysis provides ample guidance regarding attorney-client access:

2

> The question of when, and under what circumstances the existing Protective Order permits Petitioners to meet with their lawyers simply has no bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention. See Adem, 2006 WL 1193853, at *7-8. Petitioners have a right to counsel under Al Odah v. United States, 346 F. Supp. 2d 1, 7 (D.D.C. 2004). That right extends to the assistance of counsel in litigating the very jurisdictional questions pending before the Court of Appeals and the Supreme Court.
>
> Furthermore, it is well-settled that until such time as jurisdiction is determined not to exist, the District Court has the authority to issue[] such orders as necessary to preserve its own jurisdiction and to maintain the status quo. See United States v. United Mine Workers of America, 330 U.S. 258, 290-93 (1947).

Id. at 11. Indeed, at least 14 Motions for Entry of the Protective Order filed post-DTA have been granted by the District Courts overall, providing even further support that the Protective Order should be entered to allow for attorney-client access in this case.[1]

Counsel for Petitioner, having obtained the necessary security clearances, traveled to Guantánamo in April and anticipate returning to the base in July. Counsel would like to meet with Mr. Amon as soon as possible to let him know that he does have counsel working on his behalf. Investigation up to this point has resulted in contacts with various people and Mr. Amon's family regarding his history and background. All of the independent information that undersigned

---

[1] See Al-Ghizzawi v. Bush, No. 05-cv-2378 (D.D.C. June 2, 2006) (JDB); Faizullah v. Bush, No. 05-cv-1489 (D.D.C. Apr. 21, 2006) (RMU); Sohail v. Bush, No. 05-cv-993 (D.D.C. Apr. 21, 2006) (RMU); Al Salami v. Bush, No. 05-cv-2452 (D.D.C. Apr. 14, 2006) (PLF); Zadran v. Bush, No. 05-cv-2367 (D.D.C. Apr. 12, 2006) (RWR); Alsaaei v. Bush, No. 05-cv-2369 (D.D.C. Apr. 12, 2006) (RWR); Said v. Bush, No. 05-cv-2384 (D.D.C. Apr. 12, 2006) (RWR); Al Shareef v. Bush, No. 05-cv-2458 (D.D.C. Apr. 12, 2006) (RWR); Awad v. Bush, No. 05-cv-2379 (D.D.C. Apr. 11, 2006) (JR); Thabid v. Bush, No. 05-cv-2398 (D.D.C. Apr. 11, 2006) (ESH); Razakah v. Bush, No. 05-cv-2370 (D.D.C. Mar. 17, 2006) (EGS); Ahmed v. Bush, No. 05-cv-1234 (Mar. 2, 2006) (EGS); Wahab v. Bush, No. 05-cv-886 (D.D.C. Jan. 10, 2006) (EGS); Khiali-Gul v. Bush, No. 05-cv-877 (D.D.C. Jan. 6, 2006) (JR). Of those Motions filed pre-DTA, without government objection, this Court granted two of them. See Mohammad v. Bush, No. 05-cv-879 (D.D.C. Jan. 9, 2006) (RBW); Bostan v. Bush, No. 05-cv-883 (D.D.C. Jan. 9, 2006) (RBW).

counsel have been able to acquire, at this point, support the essence of his petition, which is that he is wrongfully detained. A meeting between counsel and Mr. Amon regarding his case cannot take place without a Protective Order. Counsel for Respondents, however, have refused to consent to the Court's entry of the Protective Order in this case. (A. Warden E-mail, Ex. A.) Because entry of the Protective Order must be entered in order to allow privileged communications between counsel and Petitioner, as well as attorney-client visits at the Guantánamo Naval Base, Petitioner respectfully requests that this renewed motion be granted.

## Conclusion

WHEREFORE because the Protective Order governs procedures by which counsel may meet and communicate with clients through the legal mail system and because the Protective Order does not impact the substantive legal issues raised by Guantánamo habeas petitions and the DTA, Mr. Amon respectfully asks this Court to enter the Protective Order and to grant any further relief this Court deems just and proper.

Respectfully submitted,

Dated:   Newark, New Jersey
         June 8, 2006

/s/Richard J. Coughlin
Richard J. Coughlin
Federal Public Defender
Chester M. Keller
First Assistant Federal Public Defender
Candace M. Hom
Research & Writing Attorney
Office of the Federal Public Defender
    for the District of New Jersey
972 Broad Street, Fourth Floor
Newark, New Jersey 07102
(973) 645-6347
*Counsel for Petitioner*