UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| MOHAMMED AMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 05-1493 (RBW) |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Currently before the Court is the petitioner's March 21, 2006 Motion for Expedited Entry of Protective Order ("Pet.'s Mot."). The petitioner indicates that the respondents oppose this motion. Pet.'s Mot. at 1. However, because more than eleven days have elapsed since the motion was served,[1] and because respondents have not filed any memorandum of points and authorities in opposition to the motion, the Court shall treat the motion as conceded.[2] LCvR 7(b). Accordingly, it is, this 12th day of June, 2006, hereby

**ORDERED** that the petitioner's Motion for Expedited Entry of Protective Order is GRANTED. It is further

---

[1] Although the petitioner's motion is not accompanied by a separate certificate of service, the motion is deemed to have been served upon the respondents when it was filed electronically with the Court on March 21, 2006. LCvR 5.4(d)(1)-(2).

[2] Because the respondents have not filed a response to the petitioner's motion, it is unclear on what basis they are refusing to consent to the entry of the protective order in this case. From the correspondence the petitioner has included with his motion, however, it appears that the respondents are refusing to consent to the protective order for the same reasons that they opposed entry of an identical protective order in Nasrullah v. Bush, Civ. No. 05-891 (RBW) (June 12, 2006). See Pet's Mot., Ex. D (March 17, 2006 email message from Andrew I. Warden to Chester Keller) (stating that "[i]n light of the Detainee Treatment Act of 2005, we are no longer in a position to consent to entry of the protective orders."). This Court rejected the arguments raised by the respondents in opposition to the entry of the protective order in Nasrullah and discerns no reason to revisit or depart from that determination here. Moreover, to the extent that the respondents oppose entry of the protective order in this case for different or additional reasons than in Nasrullah, by failing to file a timely opposition they have lost the opportunity to articulate their objections. See LCvR 7(b).

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, in <u>In re Guantanamo Detainee Cases</u>, 344 F. Supp. 2d 174 (D.D.C. 2004), the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004, in <u>In re Guantanamo Detainee Cases</u>, and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, in <u>In re Guantanamo Detainee Cases</u>, shall also apply to this case.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge